IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MERCK & CIE, BAYER PHARMA AG and )
BAYER HEALTHCARE )
PHARMACEUTICALS INC., )
                                   Plaintiffs, )
                        v. ) C.A. No. _____
WATSON PHARMACEUTICALS, INC. and )
WATSON LABORATORIES, INC., )
                                 Defendants. )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Merck & Cie, Bayer Pharma AG, and Bayer HealthCare Pharmaceuticals Inc., for their Complaint for patent infringement herein against Defendants Watson Pharmaceuticals, Inc. and Watson Laboratories, Inc., allege as follows:

### PARTIES

1. Plaintiff Merck & Cie is a Swiss corporation having a principal place of business at Weisshausmatte 6460 Altdorf, Switzerland.

2. Plaintiff Bayer Pharma AG ("Bayer Pharma"), formerly known as Schering AG, is a corporation organized and existing under the laws of the Federal Republic of Germany, having a principal place of business at Müllerstrasse 178, 13353 Berlin, Germany.

3. Plaintiff Bayer HealthCare Pharmaceuticals Inc. ("Bayer HealthCare"), formerly known as Berlex, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 340 Changebridge Road, PO Box 1000, Montville, New Jersey 07045-1000.

4. On information and belief, Defendant Watson Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Nevada, having a principal

place of business at 311 Bonnie Circle, Corona, California 92880. Defendant Watson Pharmaceuticals, Inc. develops, manufactures and markets generic pharmaceutical products through its operating subsidiary Defendant Watson Laboratories, Inc.

5.  On information and belief, Defendant Watson Laboratories, Inc. is a corporation organized and existing under the laws of the State of Nevada, having a principal place of business at 311 Bonnie Circle, Corona, California 92880.

6.  On information and belief, Defendant Watson Laboratories, Inc. is a wholly-owned subsidiary of Defendant Watson Pharmaceuticals, Inc., and the two have common officers and directors.

7.  On information and belief, Defendant Watson Pharmaceuticals, Inc. directed, authorized, participated in, assisted and cooperated with Defendant Watson Laboratories, Inc. in all of the acts complained of herein. Hereinafter, Defendants Watson Pharmaceuticals, Inc., and Watson Laboratories, Inc., are collectively referred to as "Watson."

## JURISDICTION AND VENUE

8.  This action arises under the patent laws of the United States of America. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9.  This Court has personal jurisdiction over Defendants Watson Pharmaceuticals, Inc. and Watson Laboratories, Inc. by virtue of, *inter alia*, the fact that they regularly transact and solicit business in Delaware, have consented to jurisdiction in Delaware in cases arising out of the filing of their ANDAs, and have purposefully availed themselves of this forum such that they should reasonably anticipate being haled into Court here.

10. On information and belief, Watson Pharmaceuticals, Inc. has consolidated its activities and financial results in its most recent SEC filings and Annual Report with, among other entities, Watson Laboratories, Inc.

11. On information and belief, Watson Pharmaceuticals, Inc. and Watson Laboratories, Inc. earn revenue from the distribution in Delaware of generic pharmaceutical products that are manufactured by Watson Laboratories, Inc. On information and belief, various products for which Watson Laboratories, Inc. is the named applicant on approved ANDAs are available at retail pharmacies in Delaware and elsewhere through a link provided on Watson Pharmaceuticals, Inc. website.

12. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and § 1400(b).

## BACKGROUND

13. Bayer HealthCare is the holder of approved New Drug Application ("NDA") No. 022532, for Beyaz®, which contain as active ingredients drospirenone, 17α-ethinyl estradiol, and levomefolate calcium. Beyaz® tablets have been approved by the United States Food and Drug Administration ("FDA") to prevent pregnancy in women who elect to use an oral contraceptive, provide a daily dose of folate supplementation, treat premenstrual dysphoric disorder (PMDD), and treat moderate acne. Beyaz® tablets are sold in the United States by Bayer HealthCare as a 28-day oral contraceptive regimen that contains 24 tablets comprising 3 mg of micronized drospirenone, 0.02 mg of micronized 17α-ethinylestradiol, and 0.451 mg levomefolate calcium plus 4 tablets comprising 0.451 mg levomefolate calcium.

14. On information and belief, Watson submitted to the FDA Abbreviated New Drug Application ("ANDA") No. 203593 under the provisions of 21 U.S.C. § 355(j),

3

seeking approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of a generic version of Bayer HealthCare's Beyaz® tablets.

15. On information and belief, the composition of the product that is the subject of Watson's ANDA is for oral contraception in a human female and contains tablets comprising 3 mg of drospirenone, 0.02 mg of 17α-ethinylestradiol, and 0.451 mg levomefolate calcium, and tablets comprising 0.451 mg levomefolate calcium.

16. On information and belief, Watson's ANDA seeks approval of a 28-day oral contraceptive regimen that contains 24 tablets comprising 3 mg of drospirenone, 0.02 mg of 17α-ethinylestradiol, and 0.451 mg levomefolate calcium, and 4 tablets comprising 0.451 mg levomefolate calcium (hereinafter "Watson's ANDA product").

17. On information and belief, on or about January 5, 2012, Watson sent a Notice Letter to Plaintiffs Merck & Cie, Bayer Pharma, and Bayer HealthCare, purporting to comply with the provisions of 21 U.S.C. § 355(j)(2)(B) and the FDA regulations relating thereto.

18. The patent-in-suit is United States Patent No. 6,441,168 ("the '168 patent") (attached as Exhibit 1). Inventors Rudolf Müller, Rudolf Moser, and Thomas Egger filed their application for this patent on April 17, 2000. The '168 patent was issued August 27, 2002. Merck & Cie is the current owner of the '168 patent.

19. Bayer Pharma is the exclusive licensee of the '168 patent for the sectors of gynecology and andrology, the indications fertility control, hormone therapy, and hormone replacement therapy (except oncological indications). Bayer Pharma is also the exclusive licensee of the '168 patent for the indications listed above as a primary indication in combination with secondary indications within the same product.

20. Bayer HealthCare markets Beyaz® in the United States under Bayer Pharma's exclusive license.

### CLAIM FOR PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 6,441,168

21. Plaintiffs incorporate all preceding paragraphs of this Complaint as if fully set forth herein.

22. On information and belief, Watson's ANDA product infringes one or more claims of the '168 patent.

23. The '168 patent covers Bayer HealthCare's Beyaz® tablets and has been listed for the product in the FDA *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book").

24. On information and belief, Watson submitted its ANDA to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Watson's ANDA product before the expiration of the '168 patent.

25. On information and belief, Watson made and included in its ANDA a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that, in its opinion, the '168 patent is invalid, unenforceable, or will not be infringed by the manufacture, use, offer for sale, sale and/or importation of Watson's ANDA product.

26. By filing its ANDA under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Watson's ANDA product before the expiration of the '168 patent, Watson has committed an act of infringement under 35 U.S.C. § 271(e)(2). Further, on information and belief, the commercial manufacture, use, offer for sale, sale and/or importation of Watson's ANDA product will also infringe one or more claims of the '168 patent.

27.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an Order of this Court that the effective date of any approval relating to Watson's ANDA shall be a date which is not earlier than April 17, 2020, the current expiration date of the '168 patent, or any later date of exclusivity to which Plaintiffs become entitled. Further, Plaintiffs are entitled to an award of damages and treble damages for any commercial sale or use of Watson's ANDA product, and any act committed by Watson with respect to the subject matter claimed in the '168 patent that is not within the limited exclusions of 35 U.S.C. § 271(e)(1).

28.     On information and belief, when Watson filed its ANDA, it was aware of the '168 patent and was aware that the filing of its ANDA with the request for its approval prior to the expiration of the '168 patent constituted an act of infringement of the '168 patent.

29.     This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorney fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A.     Judgment that Watson has infringed one or more claims of the '168 patent by filing its ANDA relating to Watson's ANDA product containing drospirenone, ethinylestradiol, and levomefolate calcium;

B.     A permanent injunction restraining and enjoining Watson and its officers, agents, attorneys and employees, and those acting in privity or concert with it, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of Watson's ANDA product;

C.     An order that the effective date of any approval of Watson's ANDA relating to Watson's ANDA product containing drospirenone and ethinylestradiol be a date

which is not earlier than the expiration date of the '168 patent or any later date of exclusivity to which Plaintiffs become entitled;

    D.    Damages from Watson for any commercial activity constituting infringement of the '168 patent; and

    E.    Such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Adam K. Mortara
Katherine G. Minarik
Asha L.I. Spencer
BARTLIT BECK HERMAN PALENCHAR
  & SCOTT LLP
54 West Hubbard Street
Chicago, IL 60654
(312) 494-4400

February 10, 2012

5213019.1