**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MERCK & CIE, BAYER PHARMA AG and BAYER HEALTHCARE PHARMACEUTICALS INC., | ) | |
| Plaintiffs, | ) | C.A. No. 12-161-RGA |
| v. | ) | |
| WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., | ) | |
| Defendants. | ) | |

**ANSWER**

Defendant Watson Laboratories, Inc. ("Watson Labs"), by way of Answer to the Complaint, alleges and say:

1-3. Watson Labs is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

4. The allegations of this paragraph are directed toward Watson Pharmaceuticals, Inc. ("WPI"), which has been dismissed from the case. To the extent a response is required, admitted except as to the allegation of WPI's principal place of business, which is denied.

5. Admitted except as to the characterization of the address as principal.

6. Admitted.

7. The allegations of this paragraph are directed toward WPI, which has been dismissed from the case. To the extent that a response is required, denied.

8. This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Watson Labs admits that plaintiffs purport to state claims that

arise under the patent laws of the United States, and that the Court has subject matter jurisdiction.

9. This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied, but Watson Labs states that it will not contest personal jurisdiction in Delaware in this case.

10. The allegations of this paragraph are directed toward WPI, which has been dismissed from the case.

11. Denied.

12. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Watson Labs states that it will not contest that venue is proper in this judicial district.

13. Watson Labs is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. Admitted as to Watson Labs, denied as to WPI.

15-16. Admitted as to the ANDA filed by Watson Labs, otherwise denied.

17. Admitted as to Watson Labs, denied as to WPI.

18. Admitted except as to current ownership, as to which Watson Labs is without knowledge or information sufficient to form a belief as to the truth of the allegation.

19-20. Watson Labs is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs.

21. Watson Labs repeats and realleges its responses to paragraphs 1 to 20 of the complaint as if set forth herein at length.

22. Denied.

23. Admitted that the ’168 patent is listed in the Orange Book for Beyaz. Watson Labs is without knowledge or information sufficient to form a belief as to the truth of the other allegations of this paragraph.

24-25. Admitted as to Watson Labs, denied as to WPI.

26-27. Denied.

28. Admitted that Watson Labs was aware of the patent when it filed its ANDA, otherwise denied.

29. Denied.

**DEFENSES**

30. The Complaint fails to state a claim upon which relief may be granted.

31. The manufacture, use, offer for sale, sale, and/or importation of that certain product which is the subject of Watson Labs’ ANDA 203593 does not infringe any valid claim of the ’168 patent.

32. The claims of the ’168 patent are invalid for failure to comply with one or more sections of Title 35, United States Code, including, but not limited to, sections 101, 102, 103, and 112.

WHEREFORE, Watson Labs demand judgment:

A. Dismissing the complaint with prejudice;

B. Declaring that the manufacture, use, offer for sale, sale, and/or importation of that certain product which is the subject of Watson Labs’ ANDA 203593 does not infringe any valid claim of the ’168 patent;

C. Declaring that the claims of the ’168 patent are invalid;

D. Finding that this case is exceptional under 35 U.S.C. § 285;

E. Enjoining plaintiffs, their officers, agents, employees, representatives, counsel and all persons in active concert or participation with any of them, directly or indirectly, from threatening or charging infringement of, or instituting or maintaining any action for infringement of the ’168 patent on account of the manufacture, use, offer for sale, sale, and/or importation of that certain product which is the subject of Watson Labs’ ANDA 203593;

F. Awarding attorneys’ fees, expenses, and costs of suit; and

G. Awarding such other and further relief as may be appropriate.

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Watson Laboratories, Inc.*

OF COUNSEL:

Steven J. Lee
Charles A. Weiss
KENYON & KENYON LLP
1 Broadway
New York, NY 10004-1007
Tel: (212) 425-7200

Dated: April 23, 2012
1056452/39027

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on April 23, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 23, 2012, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801
jblumenfeld@mnat.com
rsmith@mnat.com

Adam K. Mortara
Katherine G. Minarik
Asha L.I. Spencer
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street
Chicago, IL 60654
adam.mortara@bartlit-beck.com
katherine.minarik@bartlit-beck.com
asha.spencer@bartlit-beck.com

By: */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

1056453/39027